IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 29, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

| | |
|---|---|
| Dustin Travis Johnson, Sr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 7:26-cv-00028 |
| | ) |
| Inv McCullough, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dustin Travis Johnson, Sr., an incarcerated pretrial detainee proceeding *pro se*, filed this action under 42 U.S.C. § 1983. This action is one of four related actions filed by Johnson to challenge various aspects of a recent arrest and later events. In this action, Johnson complains that Defendant Investigator McCullough, a law enforcement investigator for Rockbridge County, wrongfully obtained warrants for his arrest. (Dkt. 1 at 3.) Specifically, Johnson claims that McCullough obtained warrants charging him with possession of a firearm by a felon even though he did not present evidence at a preliminary hearing that Johnson was a felon. (*Id.*) McCullough moved to dismiss this action, asserting that Johnson's claims fail to establish a plausible claim of entitlement to relief. (Dkt. 12.) The court agrees and will grant the motion to dismiss.

## I.     Background

Johnson's allegations in complaint are as follows: Johnson alleges that on August 29, 2025, McCullough went to a Magistrate and swore out two warrants for his arrest without

- 1 -

probable cause or evidence to do so, for "stealing a firearm and possess a firearm [by a convicted felon] on about 7/24/2025 to 7/25/2025." (Dkt. 1 at 3.)  Johnson claims that when McCullough obtained the warrants, he did not "have any criminal history or proof to present to the magistrate that [the plaintiff] was even a [convicted] felon." (*Id.*)  He alleges that during the preliminary hearing on the charges, the Commonwealth presented no evidence that Johnson was a convicted felon, so the court dismissed the possession of a firearm by a convicted felon charge. (*Id.*)  After that charge was dismissed, Johnson was indicted by a grand jury on the charge, and the indictment was signed by Investigator Shull.[1]  (*Id.*)

Although Johnson does not state in the complaint which rights he contends were violated by McCullough's acts, McCullough has interpreted the submission as asserting claims of false arrest and malicious prosecution under the Fourth Amendment to the United States Constitution. (Dkt. 13 at 2.)  The court agrees with this interpretation, which Johnson did not challenge.

## II.    Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing

---

[1] Johnson has asserted claims against Shull in *Johnson v. Shull et al.*, No. 7:26-cv-0002 (W.D. Va. Jan. 5, 2026).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement," as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.    Analysis

In his opposition to the motion to dismiss, Johnson asks that the court not consider "extrinsic evidence" because a motion to dismiss should only consider the adequacy of the complaint's allegations. (Dkt. 15 at 14.) This is generally correct,[2] but the state court criminal records attached by Defendant are documents the court may consider on a motion to dismiss, and the court should consider them here because they are authentic and integral to Johnson's claims. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). In the Fourth Circuit, a district court may consider state court criminal records when considering a motion to dismiss. *See, e.g., Moss v. Trent*, No. 7:23-cv-00110, 2025 WL 2550605, at *1 (W.D. Va. Sept. 4, 2025) (considering the "facts … taken from the complaint and state court records related

---

[2] "Generally, consideration of evidence extrinsic to the complaint converts a motion to dismiss into a motion for summary judgment." *White v. Marsh*, No. 2:13-cv-30533, 2014 WL 4418193, at *3 (S.D. W. Va. Sept. 8, 2014) (citing Fed. R. Civ. P. 12(d)).

to [the plaintiff's] arrest" in ruling on motions to dismiss plaintiff's § 1983 claims) (citing *Nat'l Ass'n of Immigr. Judges v. Owen*, 139 F.4th 293, 305 (4th Cir. 2025) and *Lolavar v. de Santibanes*, 430 F.3d 221, 224 & n.2 (4th Cir. 2005)); *see also Fusaro v. Cogan*, 930 F.3d 241, 245 n.1 (4th Cir. 2019) ("This Court takes judicial notice of the state court documents relating to Fusaro's prosecution, as the district court properly did.") (citing *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989)). Accordingly, the court may properly consider the state court criminal records that are attachments to Defendant's motion to dismiss at Dkts. 13-1, 13-2 and 13-3.

Turning to the substance of Johnson's claims now, "[m]alicious prosecution and false arrest are related, but distinct claims." *Wilson v. Town of Mt. Jackson*, No. 5:21-cv-00055, 2022 WL 819531, at *5 (W.D. Va. Mar. 17, 2022) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996)). "A claim for false arrest alleges that a warrantless arrest lacked probable cause." *Id.* (quoting *Smith v. Munday*, 848 F.3d 248, 257 (4th Cir. 2017)). "A claim for malicious prosecution alleges that a 'defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.'" *Id.* (quoting *Hupp v. Cook*, 931 F.3d 307, 324 (4th Cir. 2019)). A finding that a defendant law enforcement officer had probable cause at the time of the plaintiff's arrest requires the trial court to dismiss both Fourth Amendment claims of false arrest and malicious prosecution. *Hupp*, 931 F.3d at 318–21 (false arrest); *id.* at 323–25 (malicious prosecution).

Here, Johnson's own allegations establish that McCullough appeared before a magistrate judge and obtained warrants for the plaintiff's arrest before McCullough arrested Johnson. (Dkt. 1 at 3.) Moreover, state court documents corroborate Johnson's allegations

given that they reflect that two felony Warrants of Arrest—one for a violation of Virginia Code § 18.2-95 and the other for a violation of Virginia Code § 18.2-308.21—were issued for Johnson by Magistrate Charles C. Smith ("Magistrate Smith") on August 29, 2025, at 2:50 p.m. and executed by McCullough that same day at 2:56 p.m. (Dkt. 13-1.) Therefore, the false arrest claim fails. *Potterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained.").

Likewise, Johnson's claim of malicious prosecution fails. To satisfy the second element of a malicious prosecution claim, Johnson must plead facts establishing that McCullough seized him "pursuant to legal process unsupported by probable cause . . . ." *Hupp*, 931 F.3d at 324 (quoting *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012)). "[A]s a general matter, the fact that a neutral magistrate . . . issued the arrest warrant is the 'clearest indication that the officers acted in an objectively reasonable manner.'" *Jackson v. Carin*, 128 F.4th 525, 534 (4th Cir. 2025) (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012)). At the same time, an arrestee "can challenge the probable cause finding by demonstrating that the affidavit filed to obtain the warrant . . . was false or misleading." *Id.* at 534. "To mount such a challenge, the arrestee must 'make[] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit.'" *Id.* (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)). "He must also demonstrate materiality by showing that 'with the affidavit's false material set to one side, [its] remaining content [was] insufficient to establish probable cause.'" *Id.* (quoting *Franks*, 438 U.S. 156.) "He can show 'reckless disregard' by demonstrating that the affiant 'acted with a high degree of awareness of a statement's probable falsity, that is, when viewing all the

evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" *Id.* (quoting *Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007)). "'Reckless disregard' can also be established by evidence that the officer 'failed to inform the judicial officer of facts he knew would negate probable cause.'" *Id.* (quoting *Miller*, 475 F.3d at 627).

In sum, to successfully challenge the validity of the Warrants of Arrest obtained by McCullough in this case and thereby satisfy the second element of his malicious prosecution claim (*i.e.,* that McCullough's seizure of the plaintiff was pursuant to legal process that was unsupported by probable cause), Johnson must allege facts sufficient to show "(1) that [McCullough] made false or misleading statements in the affidavit; (2) that the statements were made deliberately or with reckless disregard for the truth; and (3) that the statements were material to a demonstration of probable cause such that, when they are set aside, the remaining content was insufficient to establish probable cause." *Id.* (citations omitted). "Thus, '[t]he burden of making the necessary showing is . . . a heavy one to bear.'" *Id.* (quoting *United States v. Tate*, 524 F.3d 449, 454 (4th Cir. 2008)).

The allegations of Johson's complaint here are insufficient to carry his heavy burden to establish that the Warrants of Arrest were unsupported by probable cause. Johnson alleges that when McCullough appeared before Magistrate Smith, McCullough did not "have any criminal history or proof to present to the Magistrate that [the plaintiff] was even a [convicted] felon." (Dkt. 1 at 3.) Notably, however, the plaintiff does not allege that McCullough made any false or misleading statements to Magistrate Smith—only that McCullough did not "have any criminal history or proof to present" that the plaintiff was a convicted felon. In other

- 6 -

words, Johnson's claim is that McCullough did not have any documentary evidence to present to the magistrate to corroborate McCullough's sworn statement that the plaintiff was, in fact, a convicted felon, but Johnson does not dispute that he was, in fact, a convicted felon at the time. Johnson was indeed a convicted felon on August 29, 2025, when McCullough obtained the Warrants of Arrest. State court criminal records establish that on March 2, 2023, following a February 21, 2023, hearing, Johnson was convicted via guilty pleas of two felony counts of grand larceny of a motor vehicle in violation of Virginia Code § 18.2-95 in the Circuit Court of Rockbridge County. (Dkt. 13-2.) Any representation by McCullough to the Magistrate that Johnson was a convicted felon was true, defeating any claim that McCullough knowingly made false or misleading material statements to obtain a warrant.

Additionally, Johnson's own allegations establish that he cannot establish the third element of a malicious prosecution claim. At the time of his filing, Johnson explained that the criminal proceedings against him were still pending. (Dkt 1 at 3.) Thus, he cannot establish that the criminal proceedings were terminated favorably. In fact, charges against Johnson are still pending and currently set for trial on July 8, 2026. (Rockbridge County Case No. CR25000657-00, available at https://eapps.courts.state.va.us/ocis/details.) Any claim of malicious prosecution is thus premature because it has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (holding that a § 1983 claim "for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiffs favor"); *see also McDonough v. Smith*, 588 U.S. 109, 123 (2019) (noting that, although the injury caused by a malicious prosecution claim occurs as soon as legal process is brought against a defendant,

"favorable termination remains the accrual date"). For this additional reason, Johnson's malicious prosecution claim fails.

In Johnson's response to the motion to dismiss, (Dkt. 15), he relates new factual allegations, specifically titling a section of his response as "Expanding on Statement of the Case's and Material Facts of Allegations Again[]st Defendant Inv McCullough." (Dkt. 15 at 2.) Parties are, however, not permitted to expand upon their factual allegations through briefing.[3] Given Johnson's *pro se* status, however, the court has considered whether the addition of such facts through an approved amendment could present a viable claim.

Even were the court to consider the new allegations contained in Johnson's response, he still would fail to state against McCullough a claim upon which relief could be granted. A portion of the new facts alleged relate to claims against other Officers Young and Shull, whose actions are the subject of different cases filed by Johnson. The allegations that do mention McCullough are either conclusory in nature or affirm facts that are dispositive of the defenses raised by McCullough in his motion to dismiss. For instance, Johnson alleges in a conclusory fashion that McCullough "frivolously and maliciously committed malfeasance when he obtained two arrest warrants without any evidence" and that he went "to the Magistrate with sloppey [sic] reckless disregard of the true and did obtain frivolous warrants with malicious intent to keep [Johnson] in Jail held without bond." (Dkt. 15 at 3, 5) (cleaned up.) These are

---

[3] "[I]t is . . . 'axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (quoting *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)); *Bell v. True Mfg. Co.*, No. 2:20-cv-00263, 2020 WL 10095356, at *3 (E.D. Va. Sept. 16, 2020) (rejecting new allegations and facts asserted in an opposition brief); *Hooker v. Disbrow*, No. 1:16-cv-001588, 2017 WL 1377696, at *4 (E.D. Va. Apr. 13, 2007) (refusing to consider new facts and claims raised in opposition to motion to dismiss because such "allegations were not contained in" the complaint).

legal conclusions not facts.  Johnson does insinuate that the firearm he was charged with possessing was not existent or "imaginary."  (Dkt. 15 at 4.)   This contention will be addressed in the criminal case pending against Johnson, and this court is barred under *Heck v. Humphrey* from adjudicating facts that would invalidate pending criminal charges.

In sum, the complaint fails to establish a plausible entitlement to relief as a matter of law.

### IV.    Conclusion and Order

For the above-stated reasons, the court **GRANTS** Defendant's motion to dismiss, (Dkt. 12), and **DIRECTS** the Clerk to close this case.

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Johnson.

**IT IS SO ORDERED**.

**ENTERED** this 29th day of June, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE